## Watkins v. Wallace.

(Decided December 19, 1924.)

### Appeal from Bourbon Circuit Court.

1. Appeal and Error—Bill of Exceptions Unnecessary where Mere Question of Law Decided on Record.—Under Civil Code of Practice, section 465, where mere question of law is decided on record in forcible detainer case, as where case was submitted to court on demurrer, no bill of exceptions is necessary.

2. Mortgages—Relation of Landlord and Tenant Does Not Exist Between Mortgagor and Mortgagee.—Where writings between grantor and grantee, under which grantor was to have possession

by paying interest, constituted a mortgage, relation of landlord and tenant did not exist.

DENIS DUNDON for appellants.

TALBOTT & WHITLEY and VIRGIL CHAPMAN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

This is an action of forcible detainer instituted by James A. Wallace against Lavina R. Watkins and her husband, George C. Watkins, before the county judge, based upon the deed and written contract set out in the opinion in Lavina R. Watkins, etc. v. James A. Wallace, this day decided. The county judge dismissed the warrant on the ground that the papers constituted a mortgage and that the relation of landlord and tenant did not exist. Wallace appealed to the circuit court. In the circuit court the demurrer, which the county judge had overruled to the answer, was sustained by the circuit judge and the defendants failing to plead further, judgment was entered in favor of the plaintiff. The defendants appeal.

It is insisted that there being no bill of exceptions the judgment should be affirmed. Section 465 of the Civil Code provides:

"The clerk shall docket the traverse as other actions; it shall stand for trial as docketed; the traversee shall join issue on the traverse; and it shall be tried by a jury, and judgment given on the verdict, as in other cases: *Provided, however,* that nothing herein contained shall be construed to prevent the court from giving judgment against either party for default, nor from deciding any question of law as in other cases."

When the case was submitted to the circuit court upon demurrer, a question of law simply was presented, and under the statute the court had authority to decide the question of law as in other cases. When a mere question of law is decided on the face of the record no bill of exceptions is necessary. The whole question was presented to the court by the written contract on which both parties relied.

In Goldsberry v. Bishop, 2 Duvall 143, it was held that to sustain an action of forcible detainer, the relation of landlord and tenant must exist and in that case the rule was applied to an action of forcible detainer brought by the vendee against the vendor to obtain possession. That case has been followed in a number of cases since.

In Lavina R. Watkins v. James A. Wallace, this day decided, this court holds that the writings referred to constituted a mortgage and this being true, the relation of landlord and tenant did not exist.   16 R. C. L. 1183.

Judgment reversed and cause remanded with directions to dismiss the proceedings.